IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| L. D. HOLLIDAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **04-237-MJR** |
| ) | |
| WSIE 88.7 FM RADIO STATION, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**PROUD, Magistrate Judge**:

Before the court is plaintiff's Motion to Compel. **(Doc. 117)**.

Plaintiff seeks an order compelling defendants to answer her first and second sets of interrogatories, requests for production, and first and second sets of requests for admissions.

This motion was filed on May 30, 2007, and defendants' time for responding has not yet expired. However, no response is really needed, and, in the interests of avoiding of any unnecessary delay, the court will rule on the motion without a response from defendants.

With regard to the interrogatories and requests for admissions, the motion must be denied for several reasons. First, plaintiff has not attached to her motion copies of defendants' objections, nor set them forth verbatim in her motion, as required by SDIL-LR 26.1(b)(3). Plaintiff discusses the objections in her motion, but that discussion does not suffice. The court cannot rule on objections to discovery without having the actual wording of the objections before it.

Secondly, these discovery requests were served too late. According to the certificates of service, plaintiff mailed her interrogatories and requests for production on March 30 and March

1

31, 2007.  However, the deadline for the *completion,* not the initiation, of discovery was March 31, 2007.  **See, Doc**. **86**.

This case was filed on April 9, 2004, and is now over three years old.  The discovery schedule has been extended numerous times.  Plaintiff's approach to preparing this case for trial has been dilatory, at best.  In the most recent order extending the schedule once again, the court warned plaintiff that she could no longer ignore discovery.  That order was entered on January 31, 2007, but plaintiff waited for two months to serve her initial discovery requests.  The interrogatories and requests for production were untimely and defendants are not required to answer or produce documents in response thereto.

Defendants filed their responses and objections to plaintiff's requests for admissions at **Docs. 106 and 107.**  The requests for admissions were served on March 26, 2007.  Defendants object generally that the requests were served too late, in view of the discovery deadline of March 31, 2007.  That objection is well taken.  **See,** ***Laborer's Pension Fund v. Blackmore Sewer Construction***, **298 F.3d 600, 605-606 (7th Cir. 2002).**  The court considers requests for admissions to be a form of discovery, and to be governed by the discovery deadline.  **See,** ***Id.*, footnote 2 at page 605.**

In addition, defendants objected to the interrogatories, requests for production, and requests for admissions on the basis that plaintiff is precluded from serving such discovery requests by her failure to serve her own initial disclosures.  Plaintiff argues that Rule 26(a) initial disclosures were not required in this case because the parties "stipulated" by their actions that such disclosures were not required.  That argument is not persuasive, to put it mildly.

A stipulation is an affirmative agreement between the parties.  Plaintiff does not contend

that there is an affirmative agreement here.  Rather, she argues that a stipulation to waive initial disclosures can be inferred from the fact that (in her eyes) defendants' own disclosures were incomplete.  This is not the way litigation works.  If plaintiff felt that defendants' initial disclosures were incomplete, her remedy was to file a motion to compel.  The court does not infer a stipulation to waive initial disclosures in such a circumstance.

Plaintiff's argument is disingenuous at best.  It is clear from this court's orders that Rule 26(a) disclosures are, in fact, required in this case.  The uniform trial practice and procedure order precludes a party from seeking discovery until that party has served initial disclosures.  **See, Doc. 24**.  As plaintiff points out, the deadlines set in the original scheduling order were amended several times, but such amendments to the scheduling order did not negate the obligation to make initial disclosures.  In any event, plaintiff was specifically ordered to serve initial disclosures.  **See, Docs. 37 and 69.**  Her failure to do so prevents her from seeking discovery from defendants, particularly at this late date.

For the foregoing reasons, plaintiff's Motion to Compel **(Doc. 117)** is **DENIED.**

**IT IS SO ORDERED.**

**DATE:  June 1, 2007.**

   s/ Clifford J. Proud
**CLIFFORD J. PROUD
UNITED STATES MAGISTRATE JUDGE**