**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **L.D. HOLLIDAY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 04-CV-237-MJR |
| ) | |
| **BOARD of TRUSTEES of SOUTHERN** ) | |
| **ILLINOIS UNIVERSITY governing** ) | |
| **SOUTHERN ILLINOIS UNIVERSITY** ) | |
| **EDWARDSVILLE,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Introduction and Background

On April 9, 2004, Holliday filed this action alleging wrongful termination in violation of Title VII of the Civil Rights Act of 1964 (Doc. 1). On August 2, 2004, Holliday filed an amended complaint, alleging additional claims under 29 U.S.C. § 206(d) and 42 U.S.C. § 1983 (Doc. 5). On December 7, 2005, this Court granted Defendants' motion to dismiss a number of Holliday's claims (Doc. 61). The Court granted summary judgment as to all remaining claims on June 11, 2007 (Doc. 122). Therein, the Court noted that Holliday's response to Defendants' motion for summary judgment failed to present any legal arguments or definite, competent evidence to support her claims. Instead, Holliday presented "excuses for her continued failure to diligently prosecute her claim, unsupported accusations against Defendants, and claims that she has somehow been denied a fair opportunity to litigate her cause of action" (Doc. 122). After examining each claim, this Court found that Holliday could not establish a *prima facie* case against Defendants in any of the

remaining counts of her complaint.

Holliday now moves this Court to reconsider its entry of summary judgment (Doc. 126). Additionally, Holliday moves to supplement the record out of time (Doc. 128) and for renewal of subpoena power (Doc. 129). Defendants have filed a combined response to Holliday's motions (Doc. 130). The matter being fully briefed by the parties, the Court hereby **DENIES** Holliday's motion for reconsideration (Doc 126), **DENIES** Holliday's motion to supplement the record (Doc. 128), and **DENIES AS MOOT** Holliday's motion for renewal of subpoena power (Doc. 129).

### B. Legal Standards and Analysis

#### 1. Holliday's Motion to Reconsider (Doc. 126)

The Federal Rules of Civil Procedure do not specifically authorize the filing of motions to reconsider. Such motions are filed routinely, however, and they are construed either as Rule 59(e) motions to alter/amend or Rule 60(b) motions for relief from judgment/order.

The Seventh Circuit has delineated a bright-line test to determine which Rule governs. If the motion to reconsider was served within ten days of entry of the challenged judgment or order, then Rule 59(e) applies. On the other hand, if the motion to reconsider was served more than ten days after entry of the challenged judgment or order, Rule 60(b) applies. ***See Britton v. Swift Transp. Co., Inc., 127 F.3d 616, 618 (7th Cir. 1997); Russell v. Delco Remy Division of General Motors Corp., 51 F.3d 746, 750 (7th Cir. 1995); United States v. Deutsch, 981 F.2d 299, 301 (7th Cir. 1992).*** This Court follows Federal Rule of Civil Procedure 6(a) in calculating the ten-day period (i.e., counting the ten days to exclude weekends and holidays).

Here, Holliday's motion seeking reconsideration was filed on June 25, 2007 and was within ten days of the Court's June 11, 2007 Order granting Defendants' motion for summary

judgment. Therefore, Rule 59(e) governs. Four grounds justify reconsideration under Rule 59(e): (1) an intervening change in the law, (2) new evidence not available at the time of the original ruling, (3) a clear legal error, and (4) the prevention of manifest injustice. *See* **Baicker-McKee, Janssen, & Corr, FEDERAL CIVIL RULES HANDBOOK, pp. 1026-27 (2008);** *see also* ***Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (explaining that Rule 59(e) motions serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence.").**

Motions to reconsider may not be used to relitigate issues or present arguments which could have been previously addressed. ***Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."); *Bally Export Corp. v. Balicar Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986) (explaining that a motion to reconsider is not an appropriate vehicle to introduce new legal theories); *Publishers Resource v. Walker-Davis Publications*, 762 F.2d 557, 561 (7th Cir. 1985) (stating that a motion to reconsider should not serve as vehicle "to tender new legal theories for the first time").**

In her motion to reconsider, Holliday presents a number of reasons why she believes the Court should reconsider its Order granting summary judgment against her. After exhaustive review of this seventy-page motion, the Court finds that none of the arguments or evidence presented therein justify reconsideration of the Court's Order.

First, Holliday attacks the sufficiency of the evidence presented by Defendants and argues that exhibits were not properly authenticated, that affidavits were false and contained

hearsay, and that witnesses were biased. Holliday also argues that substantial errors were made by the EEOC during the period of time it investigated her charge of discrimination between December of 2003 and January of 2004. Additionally, Holliday argues that summary judgment should not have been granted because she either presented enough evidence to establish *prima facie* claims against the Defendants or because she intends to eventually discover evidence that would be sufficient to overcome summary judgment.

As explained above, motions to reconsider are not an appropriate forum to relitigate issues that could have been previously addressed. However, this is precisely what Holliday attempts to do here. Her arguments regarding the sufficiency of the Defendants' evidence, the alleged errors made by the EEOC, and the strength of her evidence against the Defendants are all issues that could have been raised while the motion for summary judgment was pending. Rather than raising these issues, Holliday submitted a six-page response that failed to present any legal arguments or definite, competent evidence to support her claims. ***See Vukadinovich v. Board of Sch. Trs. of North Newton Sch. Corp.*, 278 F.3d 693, 698-99 (7th Cir. 2002) (requiring definite and competent evidence to successfully oppose a motion for summary judgment).** Holliday instead presented "excuses for her continued failure to diligently prosecute her claim, unsupported accusations against Defendants, and claims that she has somehow been denied a fair opportunity to litigate her cause of action" (Doc. 122). As such, Holliday's motion to reconsider cannot be granted.

Next, Holliday submits eighteen pages of exhibits in support of her motion to reconsider (Doc. 126-3). However, only new evidence not available at the time of the original ruling may be considered in a Rule 59(e) motion. ***See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (explaining that a motion to reconsider pursuant to**

**Rule 59 "cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion").** Yet none of Holliday's exhibits present evidence that was previously unavailable to her.

Holliday's first exhibit is a police report from an incident that occurred on August 17, 2000—long before this action was filed (Doc. 126-3, pp. 1-3). Because this information was available for many years, the police report does not create a basis for reconsideration under Rule 59(e).

Holliday's second exhibit consists of medical records from Barnes-Jewish Hospital documenting an anxiety attack Holliday apparently suffered after she learned of the Court's decision granting summary judgment (Doc. 126-3, pp. 4-6). While these medical records were not previously available to Holliday, they are clearly irrelevant and immaterial to the Court's summary judgment ruling.

Holliday's third exhibit contains investigative notes from the Equal Employment Opportunity Commission dated January 6, 2004 (Doc. 126-3, pp. 7-11). Holliday admits that these documents were shared with her by Defendants during her deposition (Doc. 126, pp. 7-8). As such, these documents were previously available to Holliday and do not constitute new evidence.

Holliday's fourth exhibit is an affidavit of Prentice Phillips, dated June 21, 2007 (Doc. 126-3, p. 12). Therein, Phillips describes an incident she observed during Holliday's employment during which a fellow deejay used racial slurs while addressing Holliday. While there is no indication of the date of this incident, it is clear that it occurred before Holliday's termination in March of 2003. Holliday does not set forth any reason why this information could not have been secured and produced prior to the Court's original ruling. Accordingly, the Court finds the Phillips

affidavit does not justify reconsideration under Rule 59(e).

Holliday's fifth exhibit is an affidavit of Dr. William Gathright, dated June 22, 2007 (Doc. 126-3, p. 13). Therein, Dr. Gathright describes various complaints of discrimination Holliday made during 1994 to 2003 in the course of their personal relationship. Again, Holliday has failed to set forth any reason why this information was unavailable at the time of the original ruling. Accordingly, the Court finds that the Gathright affidavit does not create a sufficient basis to warrant reconsideration under Rule 59(e).

Holliday's final four exhibits are affidavits dated June 22, 2007 and June 25, 2007 (Doc. 126-3, pp. 14-18). The first affidavit outlines Holliday's investigatory attempts to secure additional witness testimony from a former co-worker, Karen Johnson. Holliday waited until after the Court granted summary judgment to conduct this investigation, however. Moreover, the affidavit merely indicates that Holliday hopes Johnson will recant some former statements she made to Defendants, but does not indicate that Johnson has any direct evidence that will assist Holliday to establish elements of a *prima facie* claim against Defendants.

The second affidavit describes Holliday's June 24, 2007 telephone conversation with John Childs, explaining that before Holliday's mother died, she was upset over various employment complaints Holliday had shared with her.

The third affidavit explains that Holliday telephoned a former student deejay on June 23, 2007 who stated that she felt racially discriminated against when Defendant Dehner told her, "I'm surprised that somebody like you can talk so good."

The final affidavit further details the anxiety attack that Holliday allegedly suffered after she learned of this Court's summary judgment ruling.

Holliday has not set forth any reason why the evidence in these affidavits was unavailable to her at the time of the Court's June 11, 2007 Order. There is no reason why Holliday could not have contacted her former co-workers and friends prior to the Court's ruling and presented this evidence at that time. Accordingly, Holliday's affidavits are not sufficient to justify relief under Rule 59(e).

Additionally, Holliday argues that this Court committed plain legal error because, during its investigation, the EEOC misnamed an alleged sexual harasser. Holliday claims that this factual error raises a genuine issue of material fact requiring trial. The error Holliday references was allegedly made by the EEOC. Any such error is not sufficient to justify reconsideration because it was not a legal error made by this Court in its prior ruling. Furthermore, the Court did not rely on the EEOC's factual findings or on the identity of any alleged sexual harasser in granting summary judgment. This Court only referenced the date of Holliday's Charge of Discrimination filed with the EEOC when calculating the applicable statute of limitations, which Ms. Holliday does not dispute. Since the EEOC's alleged factual error was not relied upon by this Court in granting summary judgment, no plain legal error was committed on that basis.

It should be noted that prevention of manifest injustice may also justify reconsideration under Rule 59(e), but the Court has thoroughly reviewed Holliday's motion and finds no manifest injustice.

As a result, the Court **DENIES** Holliday's motion to reconsider (Doc. 126).

**2. Holliday's Motion to Supplement the Record (Doc. 128)**

Holliday next moves to supplement the record out of time (Doc. 128). Holliday submits that she has several Freedom of Information requests outstanding, which may yield new

evidence upon which to base her case. However, Holliday does not claim that she actually has new evidence, nor does she describe what evidence she expects to find. Holliday's motion appears to be nothing more than an attempt to reopen discovery in this case.

As such, the Court **DENIES** Holliday's motion to supplement the record (Doc. 128).

**3. Holliday's Motion for Renewal of Subpoena Power (Doc. 129)**

Finally, Holliday moves this Court to renew her subpoena power (Doc. 129). Holliday argues that renewal of her subpoena power would give her a "renewed opportunity" to acquire new evidence. Again, Holliday's motion is nothing more than an attempt to reopen discovery.

In any case, because the Court has denied Holliday's motion for reconsideration and her motion to supplement the record, the Court **DENIES AS MOOT** her motion for renewal of subpoena power (Doc. 129).

**C. Conclusion**

For the reasons thoroughly explained above, the Court hereby **DENIES** Holliday's motion to reconsider (Doc. 126), **DENIES** Holliday's motion to supplement the record (Doc. 128), and **DENIES AS MOOT** Holliday's motion for renewal of subpoena power (Doc. 129).

**IT IS SO ORDERED.**

**DATED this 31st day of March 2008.**

                                            **s/ Michael J. Reagan**
                                            **MICHAEL J. REAGAN**
                                            **United States District Judge**